IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————————

No. 02-11257
Summary Calendar

—————————————————

TERRENCE L. SWANSON,

                                        Plaintiff-Appellant,

versus

DARYL D. WALKER, Dallas Police Officer, Badge #6416;
DAVID W. LARSEN, Dallas Police Officer, Badge #4148;
ALAN T. FOSTER, Dallas Police Officer, Badge #4833;
STEVEN K. STERLING, Dallas Police Officer,
Badge #4854,

                                        Defendants-Appellees.
--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-2272-D
--------------------
March 20, 2003

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

     Terrence L. Swanson, Texas prisoner # 1036801, has filed a
motion for leave to proceed in forma pauperis ("IFP") in his appeal
of the district court's dismissal of his 42 U.S.C. § 1983 action as
barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994) and the
statute of limitations.  He acknowledges that his claims against

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Officers Walker, Larsen, and Foster are barred by <u>Heck</u>, but argues that <u>Heck</u> is not applicable to his claim against Officer Sterling.

Swanson alleges that Officer Sterling made false statements concerning the search and seizure which led to his arrest and, ultimately, his conviction. Contrary to Swanson's assertion, a decision in his favor on this claim would necessarily imply the invalidity of that conviction. <u>See</u> <u>Heck</u>, 512 U.S. at 487. Swanson acknowledges that this conviction has not been reversed, expunged, or otherwise invalidated; therefore, he has failed to satisfy the requirements of <u>Heck</u>. <u>Id.</u> Because Swanson has not shown that the district court erred in certifying that an appeal would not be taken in good faith, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. <u>See</u> <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

Swanson is cautioned that the district court's dismissal and this court's dismissal of his appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g). <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385-87 (5th Cir. 1996). Swanson is also cautioned that if he accumulates three strikes under 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.